NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 20 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS HILL,

Plaintiff-Appellant,

v.

R. SANDOVAL, Employee at CTF; et al.,

Defendants-Appellees.

No.    16-15745

D.C. No. 5:15-cv-02020-RMW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted December 14, 2016[**]

Before:      WALLACE, LEAVY, and FISHER, Circuit Judges.

California state prisoner Thomas Hill appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to

his safety.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal for failure to state a claim under 28 U.S.C. § 1915A.  *Hamilton v. Brown*,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

630 F.3d 889, 892 (9th Cir. 2011).  We affirm.

The district court properly dismissed Hill's deliberate indifference claim because Hill failed to allege facts sufficient to show that defendants knew of and disregarded an excessive risk to Hill's safety.  *See Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) ("To establish a prison official's deliberate indifference, an inmate must show that the official was aware of a risk to the inmate's health or safety and that the official deliberately disregarded the risk.").

To the extent that Hill alleged a claim under the Fourteenth Amendment arising from the denial of his administrative grievances, the district court properly dismissed this claim because "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**